UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| SHANE M. POMPURA, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 4:16-CV-3505 |
| | § | |
| DEVON ANDERSON, | § | |
| | § | |
| Defendant. | § | |

## ORDER AND OPINION

Before the Court is Defendant Devon Anderson's Motion to Dismiss (Document No. 9). Plaintiff, Shane M. Pompura, filed no response to the Motion to Dismiss. After considering these documents and the applicable law, the Court concludes that Defendant's Motion to Dismiss is GRANTED.

**Background**

Plaintiff filed a complaint against Defendant, the then District Attorney of Harris County, on November 28, 2016. (Document No. 1). Plaintiff alleges that there was no warrant for her arrest at the time of her arrest. Her Complaint alleges a claim to relief under 42 U.S.C.A. § 1983, specifically that her 5th and 14th amendment rights were violated in her arrest. The Plaintiff's Complaint does not allege any specific facts about Defendant's involvement in the arrest, only that there was no warrant at the time she was arrested. Defendant filed a Motion to Dismiss the claims on January 3, 2017. (Document No. 9).

**Standard of Review**

When a district court reviews a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), it must construe the complaint in favor of the plaintiff and take all well-pleaded facts as true.

*Wolcott v. Sebelius*, 635 F.3d 757, 763 (5th Cir. 2011) (*citing Gonzalez v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009)). Dismissal is appropriate only if the complaint fails to plead "enough facts to state a claim to relief that is plausible on its face." *Leal v. McHugh*, 731 F.3d 405, 410 (5th Cir. 2013) (*citing Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Montoya v. FedEx Ground Package System, Inc.*, 614 F.3d 145, 148 (5th Cir. 2010) (*quoting Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). The plausibility standard is not akin to a "probability requirement," but asks for more than a "possibility that a defendant has acted unlawfully." *Twombly*, 550 U.S. at 556. "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . ." *Id.* at 544.

In cases against government officials where immunity is likely to arise as a defense, the plaintiff must plead, in addition to facts that support the cause of action, facts that show why the government official is not entitled to immunity in the instant case. *Burns-Toole v. Byrne*, 11 F.3d 1270, 1273 (5th Cir. 1994).

**Discussion**

Defendant argues that Plaintiff has failed to state a claim upon which relief can be granted under Federal Rule 12(b)(6) and that Plaintiff has failed to plead facts that tend to overcome Defendant's government immunity, which is a defense likely to arise in this litigation. Further, Defendant argues that she is immune from suit for any conduct that is related to the decision to prosecute or not prosecute.

A.  Failure to State a Claim

42 U.S.C.A. § 1983 creates a cause of action where, "under color of statute, ordinance, regulation, custom, or usage," any person subjects any citizen to the "deprivation of any rights privileges, or immunities secured by the Constitution and laws." To establish a *prima facie* case under 42 U.S.C.A. § 1983, the plaintiff must prove that either (1) an individual person's conduct caused the plaintiff's rights to be violated, or (2) that an official policy or custom of a governmental body caused a constitutional tort. *Monell v. Dep't of Social Servs. of City of New York*, 436 U.S. 658, 691 (1978). Here, Plaintiff has not alleged any official policy of Harris County or other governmental body; the claim therefore must rest on Defendant's conduct. However, the Complaint does not state any conduct or action taken by Defendant, only the occurrence of an event (the arrest) with the attendant circumstance (that there was no warrant for the arrest). Thus there is no conduct alleged which could give rise to liability under § 1983.

Moreover, in cases against government officials where immunity is likely to be raised as a defense, a plaintiff must plead facts showing why immunity will not apply to the conduct alleged. *Burns-Toole* at 1273. The Complaint contains no facts as to why immunity would not apply in this case.

B.  Prosecutorial Immunity

In addition to Plaintiff's failure to state a claim, Defendant claims that she is immune from federal civil suit, and that her immunity encompasses all prosecutorial activities associated with the judicial phase of the criminal process. In *Imbler v. Pachtman*, the Supreme Court held that prosecutors are absolutely immune from suit, even though this leaves genuinely wronged defendants without civil redress when they are maliciously deprived of their liberty. 424 U.S. 409, 427 (1976). The reasoning behind eliminating otherwise valid claims is that a prosecutor

cannot effectively pursue the state's, and by extension the people's, interest in the administration of criminal laws if they are constantly under threat of retaliatory litigation by defendants who receive unfavorable outcomes in their cases. The decision to issue or not issue a warrant for arrest is included among prosecutorial activities protected by immunity. *Id*. at 430-31. Although it is not clear from the Complaint whether Defendant did or did not issue a warrant, either decision would be considered "intimately related" to the judicial phase of the criminal process, and thus covered by immunity. *Id.*

Defendant further claims immunity from state law claims. To the extent that any of Plaintiff's claims could be construed as state law claims, the Defendant's immunity extends over these claims and she is immune from suit. Texas Courts of Appeals have recognized prosecutorial immunity, and the policy reasons for this immunity hold true at the state level as well as at the federal level. *Clawson v. Wharton Cty.*, 941 S.W.2d 267, 272 (Tex. App.— Corpus Christi 1996), *writ denied*; *Charleston v. Pate*, 194 S.W.3d 89, 90 (Tex. App.—Texarkana 2006), *no pet*.

C. Futility of Leave to Amend

Normally, a plaintiff is granted leave to amend his or her complaint in order to more properly state a claim, but in situations where amendment would be futile, leave may be denied. *Stripling v. Jordan Prod. Co., LLC*, 234 F.3d 863, 872 (5th Cir. 2000). In this case amendment would be futile. Although the facts surrounding the arrest may have caused Plaintiff's rights to be violated, nothing in the Complaint suggests that a valid § 1983 claim could be brought against this Defendant were the Complaint to be amended, because Defendant is immune from suit related to conduct in her official capacity.

Because the Complaint does not state an official policy of Harris County or any conduct

by Defendant, and because Defendant is immune from suit, the Complaint fails to state a claim upon which relief can be granted.

**Conclusion**

The Court hereby ORDERS that Defendant's Motion to Dismiss (Document No. 9) is GRANTED. Plaintiff's claims of Constitutional torts under § 1983 are all DISMISSED WITH PREJUDICE.

SIGNED at Houston, Texas, this 13th day of July, 2017.

_____
MELINDA HARMON
UNITED STATES DISTRICT JUDGE